**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Koroma, on behalf of L.M.R. | No. CV-19-02149-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Tamara Koroma's Application for Supplemental Security Income on behalf of her minor child, LMR, by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 23, Pl. Br.) and Defendant Social Security Administration Commissioner's Opposition (Doc. 26, Def. Br.). Plaintiff filed no Reply. The Court has reviewed the briefs and the Administrative Record (Doc. 22, R.) and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 17–38).

**I.    BACKGROUND**

Plaintiff filed an Application for Supplemental Security Income under Title XVI of the Act on September 4, 2015, for a period of disability beginning on September 4, 2015. (R. at 20.) Plaintiff's claim was denied initially and on reconsideration. (R. at 20.) Plaintiff and LMR appeared at a video hearing on March 12, 2018. (R. at 20.) On May 11, 2018,

the ALJ denied Plaintiff's Application. (R. at 17–38.) That decision became final on February 1, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 1–6.) The present appeal followed.

The Court has reviewed the evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, LMR, on whose behalf Plaintiff seeks Supplemental Security Income, was born on April 30, 2008. (R. at 23.) At the time Plaintiff filed the Application, LMR was a school-age child. (R. at 23.) The ALJ evaluated LMR's disability based on the following severe impairments: attention deficit hyperactivity disorder, oppositional defiant disorder, mood disorder, and hearing loss in the left ear. (R. at 23.)

Ultimately, the ALJ concluded that LMR is not disabled. (R. at 33–34.) The ALJ found that LMR "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1." (R. at 24.) The ALJ also found that LMR "does not have an impairment or combination of impairments that functionally equals the severity of the listings." (R. at 24.) In particular, the ALJ concluded that LMR has only one "marked" limitation and no "extreme" limitations, which is insufficient to functionally equal a listed impairment. (R. at 24–33.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting

evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant under the age of 18 is disabled for purposes of the Act, the ALJ follows a three-step process. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a medically determinable physical or mental impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 416.924(c). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.924(d). If so, and the impairment has lasted or is expected to last for a continuous period of at least 12 months, the claimant is automatically found to be disabled. *Id.*

To determine whether the claimant's impairment or combination of impairments functionally equals a listed impairment, the ALJ assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(d). To functionally equal a listed impairment, the claimant's impairment or combination of impairments must result in at least a "marked" limitation in two domains or an "extreme" limitation in one domain. *Id.* A claimant has a "marked" limitation when the claimant's impairment or combination of impairments "interferes seriously" with her ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). A claimant has an "extreme" limitation when the claimant's impairment or combination of impairments "interferes very seriously" with her ability to independently initiate, sustain, or complete activities. *Id.*

### III.   ANALYSIS

Plaintiff argues that the ALJ improperly found that LMR has a "less than marked" limitation in the domain of interacting and relating with others. Specifically, Plaintiff argues that the ALJ erred in evaluating the opinion evidence and therefore his finding is not supported by substantial evidence. (Pl. Br. at 13.) The Court finds that the ALJ did not err and accordingly affirms his decision.

In general, the ALJ must consider opinions from multiple sources, including treating physicians, examining physicians, nonexamining physicians, and lay witnesses. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ is responsible for resolving conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). Even where the evidence could support a finding more favorable to the claimant, the Court will uphold the ALJ's interpretation if it is reasonable and supported by substantial evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Lester*, 81 F.3d at 831. The opinions of nonexamining physicians may serve as substantial evidence when they are consistent with other evidence in the record. *Thomas*, 278 F.3d at 957.

Here, the ALJ considered evidence from multiple sources, including state agency pediatricians and psychologists, an examining physician, and LMR's teacher. At both the initial and reconsideration level, the state agency consultants opined that LMR has a "less than marked" limitation in interacting and relating with others. They stated that LMR has mild issues with peers, as noted by her teacher, and serious issues respecting adults and following rules. (R. at 99–105, 107–15.)

The examining psychologist, Dr. Todd Snyder, evaluated LMR in November 2015. (R. at 359–64.) He did not expressly opine that LMR had a "marked" or "less than marked" limitation in the domain of interacting and relating with others but instead summarized his observations from the evaluation. Specifically, he noted that LMR presented with an oppositional front—when he greeted her, she told him to shut up, and she initially avoided

answering his questions and was demanding. (R. at 360–62.) However, she eventually softened, became cooperative and engaged in the evaluation, and seemed interested in demonstrating her knowledge. (R. at 361–62.) Dr. Snyder noted that LMR did not exhibit anxiety or depression and her speech was easy to comprehend. (R. at 362.) He concluded with a medical assessment that LMR "has developed oppositional patterns of relating to peers, teachers, and caregivers" that have "significantly impacted her academic progress to date." (R. at 363.) However, he did not specifically opine as to whether his findings support a conclusion that LMR has a "marked" limitation in the domain of interacting and relating with others.

LMR's teacher, Holly Stanfill, completed a Teacher Questionnaire in October 2015. (R. at 259–99.) In the domain of interacting and relating with others, Ms. Stanfill noted that LMR experienced "a serious problem" in 3/15 activities, to wit: following rules, respecting and obeying adults in authority, and relating experiences and telling stories. (R. at 295.) She experienced "no problem" in three activities, "a slight problem" in three activities, and "an obvious problem" in four activities. (R. at 295.) She did not experience "a very serious problem" in any activities. (R. at 295.) Ms. Stanfill noted that it has been unnecessary to implement behavior modification strategies. (R. at 295.) Finally, she indicated she can understand almost all of LMR's speech whether the topic of conversation is known or unknown. (R. at 296.)

Based on these opinions, the ALJ found that LMR has a "less than marked" limitation in interacting and relating with others. (R. at 29.) He stated that this finding was consistent with the opinions of the state agency consultants and that no other opinion supported a more restrictive assessment of LMR's functioning in this domain. (R. at 29.) Both parties argue that the ALJ gave controlling weight to the opinions of the state agency consultants and as such was required to give sufficient reasons for rejecting the opinions of Dr. Snyder and Ms. Stanfill. (Pl. Br. at 17–21, Def. Br. at 6–11.) The Court is not persuaded. The ALJ did not identify any conflicts in the evidence or assign particular weight to any opinion. Rather, he used the state agency consultants' opinions as a guide

because they used the Act's terminology, *e.g.*, "less than marked." Therefore, it is not clear that these opinions were actually rejected, as Plaintiff contends.

Moreover, the ALJ determined that Dr. Snyder and Ms. Stanfill opined to similar, if not less restrictive, limitations as the state agency consultants. For example, the state agency consultants noted that LMR has serious issues with respecting adults. This is consistent with Dr. Snyder's assessment that LMR disobeys direct commands and is defiant towards her teachers (R. at 361) and Ms. Stanfill's observation that LMR has a serious problem following rules and respecting adults (R. at 295). The ALJ also determined that both Dr. Snyder and Ms. Stanfill mitigated the severity of their opinions with their respective observations that LMR's defiance softened throughout the evaluation and LMR did not need a behavior plan at school. (R. at 29.) Finally, neither Dr. Snyder nor Ms. Stanfill opined to any issues with LMR's speech that could have warranted a more restrictive limitation in this domain. (R. at 29.)

In sum, the Court finds that the ALJ properly evaluated the opinion evidence and accordingly did not commit legal error. He determined the opinions were consistent in their descriptions of LMR's functionality in interacting and relating with others. He was not obligated to systematically analyze the opinions and the other evidence where there was no conflict. Moreover, the Court finds that the ALJ's consideration of the opinion evidence was supported by substantial evidence. Because the ALJ's decision was free from legal error and supported by substantial evidence, the Court will not disturb it. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997).

**IT IS THEREFORE ORDERED** affirming the May 11, 2018 decision of the Administrative Law Judge. (R. at 17–38.)

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 27th day of April, 2020.

Honorable Diane J. Humetewa
United States District Judge